Bobby Wayne **FOWLER**, Appellant,

v.

**STATE of Indiana,** Appellee.

No. 1085–S–433.

Supreme Court of Indiana.

Aug. 24, 1988.

Susan K. Carpenter, Public Defender, Richard Ranucci, Sp. Asst. to the Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction of the crime of voluntary manslaughter, a class B felony for which appellant received a twenty (20) year sentence. While two issues are raised for review, it is only necessary to address one; whether it was reversible error to instruct the jury that appellant had the burden of proving his defense of intoxication beyond a reasonable doubt.

The State tendered and the trial judge gave the following instruction to the jury:

"Ladies and Gentlemen of the jury, you are instructed that intoxication or drunkenness alone will never provide a legal excuse for the commission of a crime. The fact that a person may have been intoxicated at the time of the commission of the crime may negate the existence of a specific intent. The burden of proof, as to the existence of the defense of voluntary intoxication is upon the defendant and the defendant must prove the defense of voluntary intoxication to you beyond a reasonable doubt."

Defense counsel objected to the giving of the instruction asserting the burden of

proof was upon the State to disprove the intoxication defense beyond a reasonable doubt. Appellant tendered the following instruction which was refused by the trial court:

"If you find, from all the evidence, that the State has failed to prove, beyond a reasonable doubt, that the Defendant was not so intoxicated, that he lacked the ability to appreciate the ethical quality of his actions or to control those actions, then you must find the Defendant not guilty of the crime of murder."

■ What becomes apparent here and in review of other cases is that there still exists a degree of confusion as to the parameters of the "defense" of intoxication. Under a chapter entitled "Defenses Relating to Culpability" appears I.C. § 35–41–3–5:

"Intoxication

Sec. 5. (a) It is a defense that the person who engaged in the prohibited conduct did so while he was intoxicated, if the intoxication resulted from the introduction of a substance into his body:

(1) without his consent;  or

(2) when he did not know that the substance might cause intoxication.

(b) Voluntary intoxication is a defense only to the extent that it negates an element of an offense referred to by the phrase 'with intent to' or 'with an intention to'."

It seems that the legislature intended to create two statutory classifications of intoxication, one a defense which would appropriately be entitled "involuntary intoxication" and the other a limited defense entitled "voluntary intoxication". The confusion apparent in this case and in others surrounds the voluntary intoxication defense. In *Terry v. State* (1984), Ind., 465 N.E.2d 1085 this court held that subsection (b) of I.C. § 35–41–3–5 was void and of no effect. This is not to say that voluntary intoxication cannot act as a defense to a crime. Rather, evidence of voluntary intoxication is admissible on the issue of *mens rea*. As Justice Givan wrote in *Terry, supra:*

"Any factor which serves as a denial of the existence of *mens rea* must be considered by a trier of fact before a guilty finding is entered. Historically, facts such as age, mental condition, mistake or intoxication have been offered to negate the capacity to formulate intent. The attempt by the legislature to remove the factor of voluntary intoxication, except in limited situations, goes against this firmly ingrained principle."

*Id.* at 1088. Whenever the State is required to prove a particular state of mind on the part of the defendant, evidence of intoxication is permitted to negate the existence of that element of the crime.

■ While the State bears the burden in all criminal cases of proving each and every element of the charged crime beyond a reasonable doubt, and that burden never shifts, it is permissible to place the burden of raising an affirmative defense upon the defendant so long as it does not result in shifting the burden of proof on an element of the crime to the defendant.

■ In order to get his intoxication defense before the jury, it is necessary for a defendant to present "evidence of intoxication that, if believed, is such that, it could create a reasonable doubt in the mind of a rational trier of fact that the accused entertained the requisite specific intent." *Williams v. State* (1980), 273 Ind. 105, 402 N.E.2d 954. Appellant presented such evidence and the trial court instructed the jury on the issue of voluntary intoxication as a defense to the element of specific intent to kill. However, the jury was also instructed that appellant must prove his intoxication defense beyond a reasonable doubt. The State of Indiana was required to prove beyond a reasonable doubt that appellant did in fact entertain that specific intent. The defendant presented sufficient evidence of intoxication that, if believed, could create a reasonable doubt in the jury's mind that he entertained the necessary specific intent. However, due to the erroneous instruction, instead of determining whether appellant's intoxication evidence created a reasonable doubt, the jury was led to believe that it must not consider

the intoxication evidence on the issue of specific intent unless it found that appellant proved that defense beyond a reasonable doubt. This is the equivalent of instructing the jury that defendant had to prove, beyond a reasonable doubt, that he did not have the specific intent to kill. Such burden shifting is impermissible and demands a new trial. It is often recognized that the burden of proof on the defense of intoxication is upon the defendant and the defendant must do more than merely raise the issue or possibility of his intoxication. He must put forth sufficient evidence to create a reasonable doubt in the mind of the trier of fact that he had the specific intent to commit the charged crime. He is not required to prove the absence of the formation of intent beyond a reasonable doubt.

Reversed and remanded for a new trial.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.