**Roger POWERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 23S00–8803–CR–321.**

Supreme Court of Indiana.

July 13, 1989.

Rehearing Denied Sept. 21, 1989.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Burglary, a Class C felony, for which he received a sentence of eight (8) years, and Burglary, a Class B felony, for which he received a sentence of twenty (20) years, which was enhanced by thirty (30) years due to a finding that he is an habitual offender. His sentences were ordered to be served concurrently.

■ This case must be reversed on two grounds. First, appellant claims fundamental error in that the court gave State's Tendered Instruction No. 2, which reads as follows:

"Ladies and Gentlemen of the jury, you are instructed that intoxication or drunkenness alone will never provide a legal excuse for the commission of a crime. The fact that a person may have been intoxicated at the time of the commission of the crime may negate the existence of a specific intent. The burden of proof, as to the existence of the defense of voluntary intoxication is upon the defendant and the defendant must prove the defense of voluntary intoxication to you beyond a reasonable doubt."

Appellant had presented evidence that he was intoxicated at the time the crime was

committed and contended that he was so intoxicated that it was impossible for him to form the necessary *mens rea* to commit the crime. The above instruction correctly stated that intoxication may negate the existence of a specific intent. However, once the affirmative defense of intoxication is raised by appellant, the State then has the burden to go forward with the evidence and establish beyond a reasonable doubt that the defendant was not so intoxicated as to negate his ability to form the *mens rea*.

This Court has held many times that the burden of proving all elements of a charged crime beyond a reasonable doubt rests with the State and the raising of an affirmative defense does not relieve the State of such burden. *Smith v. State* (1969), 252 Ind. 425, 249 N.E.2d 493, cited in *Satterfield v. State* (1984), Ind.App., 468 N.E.2d 571. The above instruction is fundamentally in error in advising the jury that "the defendant must prove the defense of voluntary intoxication to you beyond a reasonable doubt."

■ Second, appellant contends the State failed in its burden of proof in this case concerning the habitual offender count. Although the State introduced court records to show that appellant had been convicted of a felony on March 10, 1977 and a second felony on June 27, 1980, there is nothing in this record to indicate when either of those offenses was committed.

■ In order to support an habitual offender charge, the State must show that the defendant had been twice convicted and twice sentenced for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first, and the offense upon which the charge is based was subsequent to his second conviction. *Clark v. State* (1985), Ind., 480 N.E.2d 555. There is no such proof in this record.

■ The State did call Ruth White, a probation officer, who testified she prepared the presentence investigation report for appellant's 1977 and 1980 convictions, and she testified the convictions were two prior unrelated convictions. However, she furnished no information concerning when either offense was committed. Even had the probation officer so testified, such evidence would not be sufficient unless there were a showing that written records were unavailable. *Washington v. State* (1982), Ind., 441 N.E.2d 1355; *Morgan v. State* (1982), Ind., 440 N.E.2d 1087.

■ Appellant also raises the issue as to the insufficiency of the evidence concerning his intent to commit a felony at the time he committed the break-in. However, the evidence shows the house was in disarray, a jewelry box had been opened and the contents spilled out, and appellant had taken bandages with him when he left the premises. The evidence was sufficient for the jury to find that he intended to commit a theft at the time of the break-in. *Creasy v. State* (1988), Ind. 518 N.E.2d 785.

■ Appellant also claims he was subjected to double jeopardy and that he was convicted for both a Class B felony and a Class C felony. He bases this on the fact that the building entered housed both a business and a residence. The facts show that he broke into the business and then entered the residence through a closed door separating the two. To prove the "breaking and entering" elements of burglary the prosecution does not have to show that an actual rupturing of the entry occurred. It may be accomplished by opening an unlocked door or window. *Willard v. State* (1980), 272 Ind. 589, 400 N.E.2d 151.

The record in this case is adequate to support the jury's finding that appellant did in fact break and enter a place of business, which was a Class C burglary and that when he then opened a closed door into the residential portion of the building he committed a Class B burglary by entering a place of human habitation. The evidence is sufficient to support both convictions.

This cause is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.