John **STREET, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 29A02–8912–CR–652 [1].

Court of Appeals of Indiana,
First District.

Sept. 12, 1990.

Judge.

**1.** This case was diverted and assigned to this office on July 19, 1990, by order of the Chief

Steven C. Litz, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

John Street appeals his conviction of Voluntary Manslaughter[2], a Class A felony, and the imposition of a fifty-year sentence. We affirm.

## FACTS

Street and the decedent, Billy Wilkins, were friends for several years. On October 28, 1988, Street and Billy went to the Rendezvous bar about 10 a.m. Street checked his knife with the bar manager. Street consumed three drinks before he and Billy left about 11:30 a.m. Street and Billy returned to the bar about 2 p.m. Both ate, and Street drank some more beer. The bartender testified neither Street nor Billy was intoxicated when they left. Before Street left, the bartender returned Street's knife to him.

Street and Billy drove to Geist Reservoir to the Luxhaven Bridge. Billy took Street's puppy and threw it over the bridge to teach it to swim. Street attacked Billy, but testified he did not recall stabbing Billy with his knife.

Street left Billy and returned to the bar between 7 p.m. and 7:30 p.m. and later went home. Early Saturday morning, Street told his mother he thought he hurt Billy really bad. He related the events to his mother admitting he stabbed Billy. His mother called the Sheriff's Department, who then found Billy's body. The police questioned Street on November 1, 1988. Street stated, "it was an accident, Billy was my friend." Record at 729.

The police confiscated a knife from Street's truck pursuant to a search warrant. Also, a blood-stained shirt was recovered from Street's home. The pathologist who performed the autopsy testified the knife was consistent with the type of knife that inflicted Billy's wounds. Street was charged with murder on November 1, 1988. The jury acquitted Street of murder but found him guilty of Voluntary Manslaughter. Finding the conviction was a Class A felony, the judge imposed a fifty-year sentence.

## ISSUES

We restate the issues as:

1. Whether the trial court impermissibly shifted the burden to Street to prove his intoxication, rather than requiring the State to disprove it beyond a reasonable doubt.

2. Whether the trial court erred in finding Street was guilty of Voluntary Manslaughter as a Class A felony.

3. Whether the trial court erred in not giving Street's tendered instruction on involuntary manslaughter.

4. Whether the court erred in admitting exhibits not shown to be relevant.

5. Whether the trial court erred in allowing the use of an edited transcript of an audible tape.

2. IND.CODE § 35-42-1-3.

## DISCUSSION AND DECISION

### Issue One

Street contends the intoxication defense instruction that the court read to the jury incorrectly stated Indiana law by placing on Street the burden of proving the defense. Therefore, Street maintains his tendered instruction on intoxication should not have been rejected by the court.

■ To review the court's rejection of Street's tendered instruction, we determine whether 1) the instruction correctly stated the law, 2) the evidence supported giving the instruction, and 3) the substance of the instruction was covered by other instructions. *Jackson v. Warrum* (1989), Ind. App., 535 N.E.2d 1207, 1211. Street's tendered instruction incorrectly stated the law, and the correct statement of the law was covered by other instructions.

Indiana law places the burden of proof of the defense of intoxication on the defendant, not the State. *Huffman v. State* (1989), Ind., 543 N.E.2d 360, 371; *Melendez v. State* (1987), Ind., 511 N.E.2d 454, 456; *Tata v. State* (1986), Ind., 486 N.E.2d 1025, 1027; *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 488; *Gajdos v. State* (1984), Ind., 462 N.E.2d 1017, 1020; *Dobrzykowski v. State* (1978), 269 Ind. 604, 606, 382 N.E.2d 170, 172.

■ Street interprets the holdings in *Powers v. State*, (1989), Ind., 540 N.E.2d 1225, and *Fowler v. State* (1988), Ind., 526 N.E.2d 1181, as placing the burden of proof of intoxication on the State. We disagree. In *Powers*, our Supreme Court found error in an instruction given to the jury advising "the defendant must prove the defense of voluntary intoxication to you beyond a reasonable doubt." *Powers*, 540 N.E.2d at 1227. The defect of the instruction was that the wording implied the State was relieved of its burden of proving the element of specific intent beyond a reasonable doubt. *Id.* The initial burden of proof of intoxication as a defense still remains on the defendant. Once the defense of intoxication is raised by the defendant, the State then has the burden of going forward to show the defendant was not so intoxicated as to negate intent. *Id.*

Likewise, *Fowler* found an instruction similar to the one in *Powers* to be erroneous. The *Fowler* decision clarified, though, that the "burden of proof on the defense of intoxication is upon the defendant and the defendant must do more than merely raise the issue or possibility of his intoxication ..." *See Fowler*, 526 N.E.2d at 1183.

Since *Powers* and *Fowler*, the Indiana Supreme Court has affirmed an instruction which instructed the jury that the defendant has the burden of proof of the defense of intoxication. *See Huffman v. State* (1989), Ind., 543 N.E.2d 360, 371.[3]

■ In addition, we find the instruction given to the jury was a correct statement of law. The court advised the jury:

"The issue of the defendant's intoxication has been raised in this case. The defense of intoxication is offered to negate the capacity to formulate intent, in that the defendant must lack substantial capacity to either appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.

It is not sufficient that the defendant merely ingested alcohol or controlled substances. Mere intoxication is not sufficient unless there is some mental incapacity resulting therefrom as will render a person incapable of thinking deliberately and meditating rationally. A defendant should not be relieved of responsi-

---

**3.** The *Huffman* instruction stated: "In order to convict the Defendants of a crime, it is necessary to satisfy the jury beyond a reasonable doubt that the Defendants entertained the specific intent to commit the crime alleged. The law is well settled that voluntary intoxication is no defense in criminal proceedings unless it can be shown that the accused were so intoxicated as to be incapable of forming the specific intent necessary to commit the crime. The burden of proving this defense is on the Defendants. The intoxication must be of such a degree as to deprive them of the power to deliberate or form the necessary design or guilty intent. Mere intoxication, in the absence of some mental incapacity resulting therefrom as will render a person incapable of thinking deliberately and mediating [sic] rationally cannot be regarded as sufficient ..." Appellee's brief at 67, *Huffman*, 543 N.E.2d 360, (No. 49S00–8602–CR–207).

bility if he could devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill.

The defendant has the burden of proving that the defendant reached this degree of intoxication."

Record at 89. We distinguish the *Powers* and *Fowler* cases because the present instruction does not contain the defective sentence that the *Powers* and *Fowler* instructions contained.

The trial court did not err in refusing Street's tendered instruction and accepting the State's instruction.

*Issue Two*

■ Street challenges the court's *sua sponte* elevation of voluntary manslaughter from a Class B felony to a Class A felony, because the State failed to request the court to instruct the jury on the elements for such enhancement.

The jury convicted Street of voluntary manslaughter. Voluntary manslaughter is a Class B felony but is elevated to a Class A felony if committed by means of a deadly weapon. IND.CODE § 35-42-1-3. After the jury had been dismissed, the court stated Street's conviction was a Class A felony. The information charged Street with murder. The instructions to the jury and the verdict forms failed to specify the degree of voluntary manslaughter charged against Street.

Street argues the State's failure to submit an enhancement instruction on voluntary manslaughter for the jury precluded the court's entry enhancing the conviction to a Class A felony. Street presents that the court should not act *sua sponte* on enhancement of the offense, because it is a question for the jury. Street offers no relevant authority for his position.

■ Generally, where the information fails to include the specific degree of the offense, a general verdict is sufficient to sustain a conviction of the highest degree. *Rose v. State* (1882), 82 Ind. 344; 76 Am. Jur.2d *Trial* § 1169 (1975).

We acknowledge that some state statutes require that the verdict specify the degree of the offense if the indictment is silent. Indiana does not have this statutory requirement. In 1979, we found error where the trial court sentenced the defendant for a Class B felony robbery when the general jury verdict could only be returned for a Class C felony robbery. *Rodriguez v. State* (1979), 179 Ind.App. 464, 385 N.E.2d 1208. We find the facts of this case distinguishable.

In *Rodriguez*, the information charged the defendant with armed robbery. The instructions only set forth the elements for robbery, not armed robbery. The instructions did not contain the element of "armed with a deadly weapon". The verdict stated the defendant was guilty of "robbery". The judge sentenced the defendant as if he were convicted of armed robbery. The appellate court reversed the sentence, because it concluded from the record that "the defendant was not prosecuted for [armed robbery] but, rather, for the lesser offense of simple robbery." *Rodriguez*, 179 Ind.App. at 468, 385 N.E.2d at 1211.

The *Rodriguez* case cites two circuit court cases in support of the reversal. *See U.S. v. Thomas* (8th Cir.1975), 521 F.2d 76; *Scruggs v. U.S.* (8th Cir.1971), 450 F.2d 359, *cert. denied*, 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804. In both cases, the reviewing courts found the evidence could support a guilty finding on both the greater and lesser included offense. Because the juries could have found the defendants guilty of the lesser included offense, the trial courts erred in determining the verdicts were rendered on the greater offense.

Here, the information charged Street of murder by "striking, cutting or stabbing ... with a knife." Record at 2. The record reflects Street was prosecuted for murder and voluntary manslaughter by means of a deadly weapon. The defendant admitted the use of a knife, a deadly weapon. The instructions set forth the language of the information and the elements of murder and voluntary manslaughter. Although the voluntary manslaughter instruction did not include the element of "by means of a deadly weapon", the evidence supports only a conviction for voluntary

manslaughter as a Class A felony. In light of the record, the jury's verdict of "guilty of voluntary manslaughter" can only reasonably be interpreted as a conviction for a Class A felony. We do not find the trial court erred in interpreting the jury's verdict as a Class A felony conviction.

*Issue Three*

ʻStreet contends his tendered instruction on involuntary manslaughter was erroneously refused by the trial court. Street asserts involuntary manslaughter was a lesser included offense of murder under the circumstances and his instruction should have been read to the jury.

The test to determine if the court erred in refusing an instruction on a lesser included offense is 1) whether the language of the statute and the charging document necessarily included the lesser offense in the greater; and 2) whether evidence was presented to which the lesser offense instruction was applicable. *Jones v. State* (1988), 519 N.E.2d 1233, 1234. The evidence must show the lesser offense was committed and the greater was not. *Bergfeld v. State* (1988), Ind., 531 N.E.2d 486, 492.

Street's argument fails to meet both steps of the test. Street acknowledges involuntary manslaughter is not an *inherently* lesser included offense of murder. *See Elliot v. State* (1983), Ind.App., 450 N.E.2d 1058, 1066, *trans. denied; Ford v. State* (1982), Ind.App., 439 N.E.2d 648, 651–52. Additionally, the information charged Street "did knowingly kill William Wilkins III, by striking, cutting or stabbing at and against the body of the said William Wilkins III, with a knife, thereby causing William Wilkins III to die." The information did not necessarily include the offense of involuntary manslaughter.

Similarly, Street did not satisfy step two, despite his claims that the evidence supports the instruction of the lesser included offense of involuntary manslaughter. Street's defense was incompatible with his claim that only the lesser offense was committed. By raising the defense of intoxication which was incompatible with the theory that Street committed the lesser offense of involuntary manslaughter, rather than murder, Street was not entitled to an instruction on the lesser offense. *Wojtowicz v. State* (1989), Ind., 545 N.E.2d 562, 563; *Jones v. State* (1982), Ind., 438 N.E.2d 972, 975. When the evidence shows the crime committed, if any, was the one charged, the trial court is not required to instruct the jury on lesser offenses. *McKinney v. State* (1990), Ind., 558 N.E.2d 829, 831.

We find the trial court did not err in denying Street's tendered instruction on involuntary manslaughter.

*Issue Four*

Street alleges the court erred by admitting irrelevant exhibits. The State offered into evidence a blood-stained shirt from Street's home (Ex. 33) and a knife with blood stains (Ex. 32) found in Street's truck. The court admitted into evidence both exhibits over Street's objections of irrelevancy.

The trial court has broad discretion in determining admissibility of evidence. *Wallace v. State* (1985), Ind., 486 N.E.2d 445, 460. Evidence having some tendency to prove a material fact is relevant. *Stwalley v. State* (1989), Ind., 534 N.E.2d 229, 233. Even if evidence is only marginally relevant, it is within the trial court's discretion to determine its admissibility. *Ingram v. State* (1989), Ind., 547 N.E.2d 823, 827. If the evidence only inconclusively connects the defendant with the crime, this goes to the weight, not the admissibility of the evidence. *Wallace*, 486 N.E.2d at 460.

Upon reviewing the record, we do not find the the trial court erred in admitting the knife or shirt.

Street further contends the court erred in admitting into evidence the photographs of the victim's wounds (Exs. 34, 35, 36, and 38). Street had offered to stipulate that the wounds were the cause of death; and therefore, he objected that the photographs were cumulative and unnecessary to show the cause of death and that they were inflammatory and prejudicial. The State, however, did not agree to Street's offer to stipulate.

Admission of photographs is within the trial court's discretion, and we will not overturn the court's decision unless clear

error is shown. *Patel v. State* (1989), Ind., 533 N.E.2d 580, 583; *Melendez v. State* (1987), Ind., 511 N.E.2d 454, 455. In *Patel,* photographs showing a slashed throat and various other stab wounds of the neck and chest were admissible to depict the fatal wound. *Patel,* 533 N.E.2d at 583. Although a photograph may depict revolting or gory scenes, they will not be excluded merely for that reason. *Watkins v. State* (1988), Ind., 528 N.E.2d 456, 458.

Here, the photographs assisted the pathologist in his testimony. We do not find the trial court's decision to permit their admission is clearly erroneous.

*Issue Five*

■ Street argues the use of transcripts in addition to an audible tape was error where the transcript contained blackened-out areas. Street objected the transcript was unnecessary since the tape was audible. His additional objection was that the transcript was severely edited and could cause speculation by the jury. The court allowed the transcript as a demonstrative aid to the jury. The court admonished the jury to not speculate about the contents which were edited. The court also instructed the jury that the edited transcript was not evidence.

■ The trial court has discretion to allow the use of a transcript to aid the jury while listening to a tape. *Sharp v. State* (1989), Ind., 534 N.E.2d 708, 712, *cert. denied,* —— U.S. ——, 110 S.Ct. 1481, 108 L.Ed.2d 617. We find no error in the trial court's actions. We presume the admonishment of the jury was sufficient to prevent prejudice. *Brown v. State* (1980), Ind. App., 403 N.E.2d 901, 912. Street does not establish how he was prejudiced. *See Underwood v. State* (1989), Ind., 535 N.E.2d 507, 513, *cert. denied,* —— U.S. ——, 110 S.Ct. 257, 107 L.Ed.2d 206. Therefore, we find no error.

Affirmed.

BAKER, J., and HOFFMAN, P.J., concur.