Richard OLSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8808–CR–767.

Supreme Court of Indiana.

Dec. 11, 1990.

Richard Olson, pro se.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Robbery, a Class C felony, for which he received a sentence of eight (8) years enhanced by thirty (30) years due to his habitual offender status.

The facts are: On June 21, 1986, Steven Reed, the victim, walked to the Pic–N–Go convenience store at approximately 1:30 p.m. While there he purchased some groceries and returned to his apartment around 2:00 p.m. Upon returning, he noticed a few men sitting across the street, and a few moments later he was accosted by two men who dragged him across the street, laid him on the ground, and stole 90 cents and the groceries from him. Reed positively identified one of the men who accosted him as appellant and stated that the man had been drinking. Appellant also told Reed that if he told anybody, he would kill him.

Reed went inside the apartment building and called the police. The police responded and took a description of the suspects. Reed then spoke to his neighbor, Mr. Miller, who let Reed use his telephone. Reed also gave Miller a description of the suspects. Approximately an hour and a half later, Miller knocked on Reed's door and informed him that he thought one of the suspects was in the parking lot. Reed went to Miller's apartment, looked out the window, and noticed appellant. Reed called the police, who arrived shortly after appellant left the parking area. A description of appellant was broadcast, and he was apprehended a short time later. Reed was taken to where appellant was being detained, and he identified him as the perpetrator.

Appellant first contends the court's final instruction on intoxication as a defense was fundamental error because it placed the burden of proving intoxication on him rather than requiring the State to negate the existence of intoxication.

■ Fundamental error is an exception to the general rule requiring an objection to be made at trial to preserve error for an appeal. To fall within this exception, the error must be such that if not rectified it would deny the defendant fundamental due process. *Johnson v. State* (1979), 271 Ind. 145, 390 N.E.2d 1005, *cert. denied*, 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312.

The trial court instructed the jury as follows:

"Voluntary intoxication is no defense in criminal proceedings unless it can be shown that the accused was so intoxicated as to be incapable of forming the specific intent necessary to commit the crime. The burden of proving this defense is on the defendant. The intoxication must be of such a degree as to deprive him of the power to deliberate or form the necessary design or guilty intent. Mere intoxication, in the absence of some mental incapacity resulting therefrom as will render a person incapable of thinking deliberately and meditating rationally cannot be regarded as sufficient. The mental incapacity must render a person incapable of appreciating the wrongfulness of his conduct or of conforming his conduct to the requirements of law in order to be sufficient to relieve one of the responsibility for his acts. So long as the accused is capable of conceiving a design, he will be presumed, in the absence of contrary proof, to have intended the natural consequences of his own acts."

To support his argument, appellant cites the recent decision by this Court in *Powers v. State* (1989), Ind., 540 N.E.2d 1225. In *Powers,* this Court was confronted with a similar issue. There the trial court instructed the jury that the defendant had to prove "beyond a reasonable doubt" that he did not have the mental capacity to form intent.

■ The instruction in the instant case, unlike that in *Powers,* did not require appellant to prove his defense "beyond a reasonable doubt." Further, in the instant case, there was no objection to the instruction and no tender of a proper instruction. Therefore, we must determine if the giving of the instruction was fundamental error. Other instructions, one preliminary and one final, correctly informed the jury that the State had the burden of proving every element beyond a reasonable doubt. Intent was one of those elements. Although the instruction could have been worded more artfully, when taken with other instructions we cannot say that the giving of the instruction was fundamental error. *See, Johnson, supra.*

Appellant contends that he was denied effective assistance of trial counsel. Specifically, he contends trial counsel was ineffective for 1) failing to properly impeach the victim, 2) failing to obtain appellant's medical records which would have shown his alcoholism, and 3) failing to object to the court-ordered mistrial where the jury could not reach a verdict on the habitual offender count.

In *Smith v. State* (1989), Ind., 547 N.E.2d 817, this Court reiterated the standard of review for incompetency of counsel. We held that to succeed in such claim the appellant must prove that counsel's representation fell below a standard of reasonableness and that counsel's failure to function was so prejudicial as to deprive him of a fair trial.

■ We note that although appellant lists different areas where his counsel was ineffective, he does not show resulting prejudice. With regard to appellant's first allegation, discrepancies in the victim's testimony were brought to the attention of the

trier of fact by counsel. However, these contradictions did not involve the identification of appellant. The method of impeaching a witness is considered a trial tactic which we will not review. We cannot say this amounted to ineffectiveness of counsel.

■ Appellant contends counsel failed to produce his medical records, claiming the records would have demonstrated his alcohol abuse. Appellant's argument here fails because these records would have demonstrated only his prior medical problems, not that appellant was so intoxicated at the time of the crime that he was unable to form intent. We cannot say these medical records were so significant as to amount to prejudice under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Appellant argues that counsel was ineffective in failing to object to the trial court ordering a mistrial on the habitual offender proceeding. We do not agree. Nowhere in the record is it shown that prejudice resulted to appellant. We cannot say that counsel's failure to object to this order was no more than a trial tactic. We find no error.

■ Appellant contends the trial court abused its discretion and denied him due process when it refused to continue the case even though counsel had been appointed just two days prior to trial.

The record reveals that two days prior to trial, the court held a hearing on various motions including a motion on which attorney would represent appellant at trial. Appellant indicated in a prior motion and at the hearing his desire to proceed to trial. Additionally, three attorneys were involved in this case and a determination was made at the hearing as to which attorney was going to represent appellant since he did not wish to proceed to trial *pro se.* The record indicates that Mr. Litz was appellant's attorney at the time and was asked by appellant to withdraw due to a deterioration in their relationship. Another attorney, Mr. Sexson could not be there on the day of the trial. The third attorney, Mr. Hollander, who was eventually appellant's

trial counsel, was familiar with the case and had been appellant's pauper counsel for some months before the trial but had been removed pursuant to appellant's request. The court found that because appellant wanted to proceed to trial and had withdrawn his motion to proceed *pro se,* counsel was required. Upon examining the status of the case, the trial court appointed Mr. Hollander to proceed with the case, and appellant agreed.

Ruling on a motion for continuance is within the trial court's discretion and will not be reversed absent a clear showing of an abuse of discretion. *Carter v. State* (1983), Ind., 451 N.E.2d 639. Continuances to allow more time for preparation are not favored and are granted only by showing good cause and in the furtherance of justice. *Rhinehardt v. State* (1985), Ind., 477 N.E.2d 89. In addition, as was pointed out in *Marshall v. State* (1982), Ind., 438 N.E.2d 986, 988:

"The adequacy of time allowed for preparation must be determined on a case by case basis, considering the totality of the circumstances, including the complexity of the issues, the necessity for pretrial motions, the necessity to interview witnesses and whether the defendant is able to assist in the preparation."

Appellant contends the appointment just two days prior to trial was inadequate time to prepare for trial. However, we note that appellant requested to go to trial at that time, dropped his motion to proceed *pro se,* accepted the counsel appointed by the court, and made the decision to drop other counsel. In addition, appellant's appointed counsel had been in the case before and was familiar with the facts surrounding the crime. From the totality of the circumstances, we cannot say the trial court erred in denying the motion to continue.

█ Appellant contends the trial court erred in denying his request for treatment in lieu of prosecution. The record shows that appellant filed his request for treatment in lieu of prosecution pursuant to Ind.Code § 16-13-6.1-16, to which the State objected. At the hearing, appellant again made this request which the trial court again denied.

Ind.Code § 16-13-6.1-16 provides in pertinent part:

"A drug abuser or alcoholic charged with or convicted of a felony may request treatment under the supervision of the department instead of prosecution or imprisonment, as the case may be, unless:

(1) the offense is a forcible felony or burglary classified as a Class A or Class B felony; ...."

Appellant contends that "classified as a Class A or Class B felony" as cited above applies to both clauses "forcible felony or burglary." That is, in order to be automatically excluded under this statute, the offense must be a forcible felony classified as a Class A or Class B felony, or a burglary classified as a Class A or Class B felony. We do not find appellant's argument persuasive. Under Ind.Code § 35-42-5-1, all robberies are by definition forcible felonies. Appellant's reading of Ind.Code § 16-13-6.1-16 is incorrect. We find that the trial court properly ruled that the statute did not apply to appellant.

Appellant contends there was insufficient evidence to support a conviction of *robbery.*

█ In reviewing an issue centered upon sufficiency of evidence, this Court will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a jury could conclude that the defendant was guilty beyond a reasonable doubt. *Butler v. State* (1989), Ind., 547 N.E.2d 270. In addition, a conviction may rest on the victim's uncorroborated testimony alone. *Townsend v. State* (1984), Ind., 460 N.E.2d 139.

█ Appellant's argument is centered upon Reed's conflicting testimony concerning the extent of appellant's intoxication. However, appellant's argument fails because Reed positively identified him based upon observing him *prior to the robbery* and *during the robbery.* Appellant's argument here rests upon the credibility of

Reed as a witness. Throughout the time from the robbery through the trials, Reed identified appellant as the perpetrator of the crime. Appellant here is attacking the discrepancies in Reed's testimony concerning the extent of appellant's intoxication. This we will not reweigh. We find there to be sufficient evidence from which the jury could find appellant guilty of robbery.

Appellant contends the trial court erred in denying his right to proceed *pro se*. The record reveals appellant filed his request to proceed *pro se* on September 23, 1987, and at a hearing two days prior to trial, appellant withdrew his motion to proceed *pro se*. Appellant again requested to proceed *pro se* but the trial court determined that Hollander was prepared to try the case and denied appellant's request.

The right to self-representation must be asserted clearly and unequivocally within a reasonable time prior to the first day of trial. *Broadus v. State* (1986), Ind., 487 N.E.2d 1298. However, a person has the right to waive counsel and to proceed *pro se* if it is shown that he does so of his own free will, knowing and understanding his constitutional right to be represented by counsel and that he waives that right. *Joseph v. State* (1985), Ind., 483 N.E.2d 32.

In the instant case, appellant contends that he never withdrew his request to proceed *pro se*. The record shows the trial court questioned appellant regarding various aspects of the legal proceeding to which appellant showed a lack of experience. Appellant then agreed to proceed with counsel. Throughout this proceeding appellant requested numerous times to proceed *pro se*, then changed his mind. The trial court eventually ruled that it would not let appellant proceed *pro se*. We cannot say from the record as presented to this Court that the trial court erred in denying appellant's request.

Appellant contends the trial court erred in admitting the in-court identification of him when it was based upon a suggestive pretrial show-up.

When Reed discovered that appellant had returned to the location of the robbery, he called the police. A few minutes later a suspect was stopped by the police and Reed was taken to the location where he identified appellant.

While one-on-one confrontations are inherently suggestive, such confrontations are not *per se* improper. *Hill v. State* (1982), Ind., 442 N.E.2d 1049. In *Hill* we stated:

"Confrontations *immediately after the crime*, however, are not *per se* improper, for it is valuable to have the witness view a suspect while the image of the perpetrator is fresh in the witness's mind; indeed, the immediacy of the incident substantially diminishes the potential for misidentification." (Citations omitted.) *Id.* at 1052.

In determining whether a particular show-up is unduly suggestive, the factors to be considered include the length of the initial observation of the defendant by the person identifying him, lighting conditions, distance between the witness and defendant, the witness' capacity for observation and his level of certainty, discrepancies between the witness' initial and actual description, and any identifications of another person. *See Craig v. State* (1987), Ind., 515 N.E.2d 862.

In the instant case, Reed observed appellant prior to the robbery and faced appellant throughout the robbery. It was a clear and sunny day. The identification occurred within three hours after the robbery and occurred within minutes of notifying the police. Reed's identification also was accurate in describing appellant. We find no error in allowing Reed to identify appellant.

Appellant contends the trial court erred when it did not question the entire jury after excusing a tainted juror and when it declared a mistrial during the habitual offender proceeding.

Deborah Stites was selected as a juror. During the trial, she informed the court that her husband, a Marion County Correction Officer, had been informed by another officer that if appellant were convicted, he would get a new trial because she was on the jury. She also informed the trial court

that she did not discuss this conversation with any of the other jurors. Upon hearing this, the trial court excused her but denied appellant's motion for a mistrial.

The determination of whether to grant a mistrial is within the trial court's discretion, and to prevail on appeal, the defendant must show that he was so prejudiced that he was placed in a position of grave peril to which he should not have been subjected. *Reno v. State* (1987), Ind., 514 N.E.2d 614.

Appellant contends the trial court should have questioned the entire jury after excusing Stites. The record is clear that upon discussing this matter with Stites, she informed the court that she did not discuss this matter with anyone. We also note that appellant in his brief did not mention that he challenged this juror due to her husband's position nor do we find any record of it. Finally, her conversation with her husband did not involve the guilt or innocence of appellant but instead involved appellant getting a new trial because she was on the jury. We cannot say from the facts as presented that appellant was so prejudiced as to place him in a position of grave peril. We find no error.

 Appellant's next position urges that the trial court erred when it declared a mistrial during the habitual offender proceeding. The record reveals that after appellant was convicted, the habitual offender proceeding began. After the jury began to deliberate on this matter, the trial court realized that it omitted an instruction defining prior unrelated offenses. The trial court then called the jury back and reread all the instructions, including the omitted instruction. At this time, there was no objection made by counsel. Approximately 20 minutes later, the jury informed the court that they could not reach a decision and a mistrial was declared. Again there is no indication that counsel objected to this ruling by the trial court.

Appellant contends that allowing the jury only 20 minutes to deliberate after instructing them on the definition of an unrelated prior offense was an abuse of discretion. He claims that it would be impossible for any jury to sift through documents purporting to establish prior convictions in such a short time. At the outset, we note that counsel failed to object, and the failure to do so results in a waiver. *Wood v. State* (1987), Ind., 512 N.E.2d 1094. In the alternative, we fail to find how the trial court erred in this regard. Nowhere is it shown that prejudice resulted to appellant, thus amounting to an abuse of discretion. We find no error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.