**John STREET, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 29S02–9103–CR–175.**

Supreme Court of Indiana.

March 7, 1991.

Steven C. Litz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PETITION TO TRANSFER

DeBRULER, Justice.

The First District of the Court of Appeals affirmed appellant's conviction for voluntary manslaughter, a Class A felony, I.C. 35–42–1–3. *Street v. State* (1990), Ind. App., 559 N.E.2d 375. He seeks transfer on the basis of that Court's resolution of his claims that there was error in the jury instruction on the defense of intoxication and in the choice to sentence him for the crime of voluntary manslaughter as a Class A, rather than Class B, felony. That Court held that the instruction was correct. We grant transfer, reverse, and remand for a new trial.

Billy Wilkins and appellant had been drinking together and, while walking along the Luxhaven Bridge, Wilkins threw appellant's puppy dog off the bridge and into Geist Reservoir saying he would teach it to swim. Appellant retaliated by stabbing Wilkins multiple times, at least once in the throat, killing him.

The trial was upon a single count, murder, charging that appellant "did knowingly kill William Wilkins III, by striking, cutting, or stabbing at and against the body ... with a knife ... causing [him] ... to die." The trial court instructed the jury from the statutes defining murder and voluntary manslaughter and the statute defining the knowing state of mind and squarely placed the burden of proof beyond a reasonable doubt upon the elements of those crimes on the prosecution. Convinced that the defense of intoxication had been raised by the trial evidence of appellant's alcohol consumption and behavior on the day of the assault, the court chose to give the State's Final Instruction No. 1, defining the defense of intoxication, over a defense objection. This was the lone instruction on such defense. It provided:

The issue of the defendant's intoxication has been raised in this case. The defense of intoxication is offered to negate the capacity to formulate intent, in that

the defendant must lack substantial capacity to either appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law. It is not sufficient that the defendant merely ingested alcohol or controlled substances. Mere intoxication is not sufficient unless there is some mental incapacity resulting therefrom as will render a person incapable of thinking deliberately and meditating rationally. A defendant should not be relieved of responsibility if he could devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill.

The defendant has the burden of proving that the defendant reached this degree of intoxication.

Appellant argues that the final sentence of the instruction illegally shifted the burden of proof to him on an element of the crime.

■■■ The defense of voluntary intoxication is provided for by statute, I.C. 35–41-3-5, and, despite an expression of limited applicability in the statute, may be offered in defense to any crime. *Terry v. State* (1984), Ind., 465 N.E.2d 1085. The basic presupposition upon which the defense rests is that intoxication can be so severe as to render a person incapable of forming or entertaining the criminal intent required to commit a crime, yet not so severe as to render such person incapable of the conduct required to commit the crime. "Voluntary intoxication ... negates the essential element of intent." *Melendez v. State* (1987), Ind., 511 N.E.2d 454, 457.

■■■ The burden of raising the defense, by asserting it and pointing out the factual predicate for it, rests upon the defendant. The question of whether the defense has been raised so as to require a jury instruction on the subject to be given is a question to be resolved by the trial judge and not the jury, and upon a determination by the judge that the defense has been raised, it is then the judge's duty to give a correct instruction. *Williams v. State* (1980), Ind., 402 N.E.2d 954. The function of the jury is, having received a correct instruction, to find whether the defendant was so intoxicated that he was incapable of forming the charged intent and, if the determination is made that he was incapable of so doing, to find him not guilty. *Melendez*, 511 N.E.2d 454.

In *Fowler v. State* (1988), Ind., 526 N.E.2d 1181, and *Powers v. State* (1989), Ind., 540 N.E.2d 1225, relied upon by appellant, this Court held that an intoxication defense instruction which placed the burden upon the defendant to prove the defense of intoxication beyond a reasonable doubt was an erroneous statement of the law in that it shifted the burden of proof upon an element of the crime, i.e., intent, to the defendant. The Court of Appeals reasoned that the instruction in this case does not use the phrase, "beyond a reasonable doubt," but instead uses the phrase, "burden of proving," and therefore passes legal muster. *Street*, 559 N.E.2d at 378–79. That Court was also persuaded through examination of the briefs in a capital case, *Huffman v. State* (1989), Ind., 543 N.E.2d 360, that this Court has approved an intoxication defense instruction which advised the jury that "[t]he burden of proving this defense is on the Defendants." *Id.* at 378.

In *Olson v. State* (1990), Ind., 563 N.E.2d 565, this Court criticized a voluntary intoxication defense instruction which had included the sentence, "The burden of proving this defense is on the defendant[,]" but refused to declare its giving fundamental error. This case is not governed by *Olson*. The question of fundamental error is not present here as it was in *Olson* because of the trial objection to the instruction made by appellant's counsel. Further, the instruction here is different in that it calls for the defendant to prove a specific fact, his incapacity, which would negate intent, rather than calling on him to simply prove a defense.

■■■ We find that the instruction in the case at bar would be received and understood by a reasonable juror as requiring the defendant to convince the jury that, by reason of intoxication, he lacked the capacity to form the intent to kill. Upon resolving that the evidence did not so convince

them, the jury would then go on to reject the evidence of incapacitation when determining whether the State sustained its burden of proving criminal intent beyond a reasonable doubt. *Fowler*, 526 N.E.2d 1181. This instruction suffers from the same defect as did the instructions in *Powers* and *Fowler*. To the extent that the *Huffman* opinion may be in conflict herewith, it is overruled.

 It is not, however, every erroneous instruction which requires that a conviction be reversed. *Melendez*, 511 N.E.2d 454. The evidence that appellant consumed alcohol on the day of the assault is supported by independent sources. There is also evidence that he was a carpenter, ordinarily carried a knife, and had checked it at a bar where he and the victim drank. He did not therefore arm himself for the express purpose of attacking the victim. The attack was short, deadly, and an immediate response to unanticipated behavior by the victim. Other witnesses provided evidence that appellant and the victim were friends and that they had both purchased and consumed large quantities of alcohol on the day of the assault. Because the evidence of intoxication with impairment is this substantial, we cannot say that the instruction error was harmless.

The conviction is therefore reversed and a new trial ordered.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., concurs in result with separate opinion.

GIVAN, Justice, concurring in result.

I concur with the majority that the final sentence on the instruction on intoxication as a defense was error in that it stated, "The defendant has the burden of proving that the defendant reached this degree of intoxication." As pointed out by the majority, this is contrary to our holding in *Powers v. State* (1989), Ind. 540 N.E.2d 1225 that although a defendant has the responsibility of raising an affirmative defense

such as intoxication, this does not relieve the State of its burden of proving the element of *mens rea*.

However, the majority correctly cites *Fowler v. State* (1988), Ind., 526 N.E.2d 1181 and the *Powers* case and then proceeds to imply that *Huffman v. State* (1989), Ind., 543 N.E.2d 360, *cert. denied*, — U.S. ——, 110 S.Ct. 3257, 111 L.Ed.2d 767 holds to the contrary. This is not true. *Huffman* does not address this subject either in the majority opinion or the dissenting opinion. There is nothing about the decision in the case at bar which would imply the necessity of overruling any portion of *Huffman*.

In all other respects, I agree with the majority opinion.