STATE of Indiana, Appellant,

v.

Richard D. HUFFMAN, Appellee.

No. 49S00–9312–PD–1320.

Supreme Court of Indiana.

Dec. 7, 1994.

Rehearing Denied May 5, 1995.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., for appellant.

Monica Foster, Hammerle & Foster, Scott A. Weathers, Bose McKinney & Evans, for appellee.

## ON DIRECT APPEAL

DeBRULER, Justice.

This case is an appeal by the State from the granting of appellee's petition for post-conviction relief. Ind.Appellate Rule 4(A)(7); Ind.Post–Conviction Rule 1 § 7. The trial court entered summary judgment for appellee Richard D. Huffman and granted relief as to convictions and the resultant sentence, i.e.

the death penalty. The State presents two issues for our review:

1) whether *Street v. State* (1991), Ind., 567 N.E.2d 102, is applicable to petitioner's case on collateral review; and

2) whether the decision in appellee's direct appeal of his convictions is the law of the case.

Herbert Underwood, Richard Asbury and appellee were charged with, *inter alia*, killing Kerry Golden. The murder occurred on a dirt access road in Marion County, Indiana early in the morning of June 5, 1984. Asbury pled guilty and received a sentence of twenty-five (25) years in exchange for his testimony against Underwood and appellee. Substantial evidence was introduced at trial which showed that all the parties, including the victim, had spent the entire evening drinking beer and smoking marijuana, and that all were quite intoxicated.[1] Appellee was sentenced to 50 years imprisonment upon his conviction of robbery, 50 years upon his conviction of conspiracy to commit robbery, and 50 years upon his conviction of conspiracy to commit murder. The court merged the felony murder and murder convictions and sentenced appellee to death. The convictions and sentences were affirmed on direct appeal. *Huffman v. State* (1989), Ind., 543 N.E.2d 360, *reh'g denied, cert. denied,* 497 U.S. 1011, 110 S.Ct. 3257, 111 L.Ed.2d 767 (1990).

## I

The State claims that many of our cases have indicated that when a defense of intoxication is offered the defendant bears the burden of proof. *Powers v. State* (1989), Ind., 540 N.E.2d 1225, *reh'g denied; Fowler v. State* (1989), Ind., 526 N.E.2d 1181. Appellant then concludes that *Street v. State* (1991), Ind., 567 N.E.2d 102, announced a new rule and that a new rule cannot be applied where a conviction has become final, i.e. where all direct appeals have been exhausted. *Daniels v. State* (1990), Ind., 561 N.E.2d 487.

1. Only the victim's BAC is available. At the time of death Golden's BAC was .297, nearly triple the

## A

There are two senses of "burden of proof" as used in our earlier cases. When a defense of intoxication is offered, there must be evidence in the record supporting an instruction to the jury on this issue. The evidence need not come from the defendant but if it is admitted and the defendant does not request a jury instruction, then the issue is waived. However, this is merely the burden of proof in the sense of the burden of production, i.e., producing enough evidence so that the instruction is given. The burden of persuasion is *always* on the State. *See e.g., Smith v. State* (1969), 252 Ind. 425, 249 N.E.2d 493; *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Since the original trial court gave an intoxication instruction, appellee had obviously satisfied his burden. Instructing the jury about the defendant's burden of proof could only serve to confuse the jurors and prejudice the defendant.

## B

The trial court rendered the following conclusions in granting post-conviction relief:

8. That the intoxication instruction given in Petitioner Huffman's case constitutes fundamental error, as defined in *Hall v. State* (1991), Ind., 574 N.E.2d 287, in that a reasonable juror could conclude that the instruction calls for the Defendant to prove the defense beyond a reasonable doubt and calls for proof of specific facts.

. . . . .

11. That the State has failed to demonstrate beyond a reasonable doubt that the error in this case did not effect the result, and, therefore, the error cannot be considered harmless. Intoxication was the primary defense at trial. Numerous witnesses, called by both the State and the Defendants, testified as to the large amount of alcohol and drugs consumed by the Defendants on the day and evening that this crime occurred. The deceased, who was drinking with the Defendant during the evening of the killing, had a blood

amount required to satisfy the legal definition of intoxication.

alcohol content which greatly exceeded the legal limits for intoxication. All parties who heard the live testimony agreed that the evidence warranted an instruction on the defense of intoxication. Finally, at sentencing the trial court found the alcohol and drug consumption by the Defendants on the night of the offense was substantial enough to rise to the level of a mitigating circumstance.

In *Powers,* relying upon the longstanding dual propositions that the burden of proof in a criminal trial never shifts to the defendant and that the State must establish all necessary elements of a crime beyond a reasonable doubt, this Court held that it was fundamental error to instruct a jury that "the defendant must prove the defense of intoxication to you beyond a reasonable doubt," and for such error reversed the conviction despite the sufficiency of evidence of criminal intent. The trial court, in conclusion 8 quoted above, found that the instruction on intoxication in Huffman's case carries this same bad advice. That conclusion is clearly supported by the text of the instruction.[2] The conclusion that the error was not harmless is likewise supported by the record.[3]

## II

Appellant claims that we held in appellee's direct appeal that the intoxication instruction was adequate and that its adequacy is now the law of the case.

■ The law of the case doctrine mandates that an appellate court's determination of a legal issue binds both the trial court and the court on appeal in any subsequent appeal involving the same case and relevantly similar facts. *Cha v. Warnick* (1985), Ind., 476 N.E.2d 109, *reh'g denied, cert. denied,* 474

U.S. 920, 106 S.Ct. 249, 88 L.Ed.2d 257 (1985). The doctrine's admittedly important purpose is to minimize unnecessary relitigation of the legal issues once they have been resolved by an appellate court.

■ With due respect for the doctrine of *res judicata* this Court has always maintained the option of reconsidering earlier cases in order to correct error. "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work manifest injustice.'" *State v. Lewis* (1989), Ind., 543 N.E.2d 1116 (quoting *Christianson v. Colt Industries Operating Corp.* 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811, 831 (1988)). Finality and fairness are both important goals. When faced with an apparent conflict between them, this Court unhesitatingly chooses the latter.

### Conclusion

Accordingly, the trial court's grant of postconviction relief is affirmed.

GIVAN, DICKSON and SULLIVAN, JJ., concur.

SHEPARD, C.J., dissents with separate opinion.

SHEPARD, Chief Justice, dissenting.

The opinion in this case makes only the most oblique reference to the issue appellant has presented in this appeal, whether the decision in *Street v. State* (1991), Ind., 567 N.E.2d 102, meets the retroactivity standard

---

2. The erroneous instruction reads, in part:

In order to convict the Defendants of a crime, it is necessary to satisfy the jury beyond a reasonable doubt that the Defendants entertained the specific intent to commit the crime alleged. The law is well settled that voluntary intoxication is no defense in criminal proceedings unless it can be shown that the accused were incapable of forming the specific intent necessary to commit the crime. *The burden of proving this defense is on the Defendants.* (Emphasis added).

3. Appellant, citing *Olson v. State* (1990), Ind., 563 N.E.2d 565, claims that since the instruction was not fundamental error, the issue could be and was waived. Without stating a position on the continuing vitality of *Olson,* we simply observe that the decision in that case relied on the fact that no proper jury instruction was tendered. *Olson,* 563 N.E.2d at 568. The trial judge had before him an intoxication defense and a jury instruction on that defense, so he gave the instruction. In the instant case, the trial judge had before him a correct and an incorrect jury instruction and chose to give the latter.

of *Daniels v. State* (1990), Ind., 561 N.E.2d 487, such that it may be applied to Mr. Huffman.

Passing by *Daniels*, a seminal decision by this Court, and deciding to resolve the issue on the basis of "prejudice," Maj. op. at 900, suggests that there is not much left of *Daniels* and that pretty much any old thing will do so far as retroactivity is concerned. This seems especially untimely in light of this Court's recent declaration that its new rule prohibiting victim impact evidence will not be applied to capital cases decided before *Bivins v. State* (1994), Ind., 642 N.E.2d 928. After today's opinion, why not?