**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 10 2014, 10:09 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DORI E. NEWMAN**
Newman & Newman, PC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| XAVIER T. HECKSTALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A05-1406-CR-258 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Gail Z. Bardach, Judge
Cause No. 29D06-1307-FD-5112

**December 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Xavier Heckstall appeals his conviction for Identity Deception,[1] a Class D felony. He argues that the trial court erroneously denied his motion to continue the jury trial. Finding that the trial court did not abuse its discretion in denying this motion, we affirm.

FACTS

In October 2012, Heckstall filled out an application to rent an apartment in Fishers. The application asked for the renter's name, date of birth, Social Security number, employment information and income, and an emergency contact. Heckstall wrote his name on the application but used his former wife's Social Security number. He submitted an altered pay stub, which showed that he was an employee of the Indiana Department of Child Services (DCS). Although it is unclear if Heckstall was ever employed by DCS, his present wife, Kimberly Heckstall, worked there at the time. Heckstall listed his present wife as his emergency contact on the application, incorrectly identifying her as his sister.

On June 19, 2013, the State charged Heckstall with class D felony identity deception. A plea hearing was held on April 16, 2014, at which Heckstall rejected the State's plea offer and elected to proceed to trial. Heckstall's jury trial was set for April 22, 2014. At some point after the plea hearing, but before the trial, Heckstall's counsel sent an email to the trial court requesting that Heckstall's present wife be added as a witness. The trial court informed Heckstall that if his present wife was not present by

[1] Ind. Code § 35-43-5-3.5.

2

8:00 a.m. on the morning of the trial to make an offer of proof, she would not be allowed to testify.

Heckstall's present wife did not appear on the day of his trial. Heckstall attempted to introduce her testimony through a notarized letter but the trial court rejected the letter. Heckstall moved for a continuance, claiming that his present wife was unable to appear because she was at work that day. The trial court denied Heckstall's motion. The jury trial continued and Heckstall was found guilty as charged. He now appeals.

DISCUSSION AND DECISION

Heckstall argues that the trial court erred in denying his motion for a continuance and that he was thereby prejudiced because he was unable to fully present his defense. Heckstall's theory of defense was that his present wife had completed parts of the application and delivered the application. Heckstall believes that his present wife's testimony was potentially exculpatory.

Indiana Code section 35-36-7-1 allows the trial court to grant a continuance due to the absence of a witness, provided that the defendant's motion is made five days prior to trial and supported by appropriate affidavits. A motion for continuance that does not meet these requirements may be granted at the trial court's discretion. Beverly v. State, 543 N.E.2d 1111, 1113 (Ind. 1989). We will not reverse a ruling absent a clear showing of an abuse of that discretion. Olson v. State, 563 N.E.2d 565, 569 (Ind. 1990). In addition to showing an abuse of discretion, Heckstall must specifically show how he was prejudiced as a result of the denial of his motion. Harris v. State, 659 N.E.2d 522, 527

3

(Ind. 1995). "Continuances to allow more time for preparation are not favored and are granted only by showing good cause and in the furtherance of justice." Olson, 563 N.E.2d at 569.

In denying Heckstall's motion for a continuance, the trial court noted that he had "waited to the last possible minute to come up with this witness." Appellant's Br. p. 9. Heckstall gives no reason for the delay. Furthermore, Heckstall gives no reason as to why he had to wait until the day of trial to move for a continuance. Under these circumstances, we find that Heckstall has failed to show that there was good cause to grant his motion and the trial court acted well within its discretion in denying it. See Beverly, 543 N.E.2d at 1113 (trial court was within its discretion to deny motion for continuance when motion was made on day of trial and, had it been made earlier, trial court could have assisted in procuring witness).

Additionally, Heckstall has failed to show that he was prejudiced as a result of the denial of his motion. Heckstall believes that his present wife would have testified that she accidentally wrote the incorrect Social Security number on the application before delivering it. However, there was testimony at trial that the writing on the application was Heckstall's and that Heckstall had personally delivered the application. Tr. p. 150, 185. Heckstall also admitted that he signed the application. Id. at 223. Furthermore, the application was not the only evidence against Heckstall. There was also evidence that Heckstall had forged pay stubs. Id. at 197-98. Heckstall further admitted to incorrectly identifying his present wife as his sister in order to avoid the apartment's income

4

requirements for two people.  <u>Id.</u> at 212.  Given the amount of evidence against him, Heckstall has failed to show that his present wife's testimony would have affected the outcome of his trial.

The judgment of the trial court is affirmed.

VAIDIK, C.J., and RILEY, J., concur.