**Lonnie Ray HALL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 35S02–9107–CR–515.**

Supreme Court of Indiana.

July 3, 1991.

Brent Westerfield, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

## PETITION TO TRANSFER

DeBRULER, Justice.

The Second District of the Court of Appeals affirmed appellant's convictions for Class A felony robbery and Class B felony confinement, but reversed his conviction for attempted murder because of an erroneous instruction. *Hall v. State* (1991), Ind.App., 566 N.E.2d 1072 (Sullivan, J., concurring and dissenting). Hall seeks transfer on the basis of the resolution by the Court of Appeals of his claim that the trial court had been in error in instructing the jury on the defense of intoxication. The majority of the Second District held that the instruction was not error. We grant transfer with respect to the issue of this instruction, but nevertheless reach the same result arrived at by the Court of Appeals.

In this instance, evidence was given by appellant Hall that he had ingested alcohol in conjunction with drugs during the night which preceded his attack upon his grandmother which forms the gravamen of the three charged crimes. There was considerable evidence, both direct and circumstantial, which conflicted with this evidence of incapacity. Hall tendered a jury instruction on the defense of intoxication which placed the burden of disproving the defense beyond a reasonable doubt upon the State. The trial court gave this instruction, after having modified it by deleting the reference in it to the burden. The trial court also gave the State's instruction on intoxication after modifying it. The modification included a reference to a burden of proof upon the defendant. The instruction concluded with the following statements:

> Whether or not a defendant's intoxication prevented him from forming the requisite intent is a question of fact for the jury. The defendant has the burden of proof for the defense of intoxication.

There was no objection to this modified instruction.

The Court of Appeals did not have before it this Court's recent opinion in *Street v. State* (1991), Ind., 567 N.E.2d 102, when it decided appellant's claim. In *Street*, we addressed an instruction dealing with evidence of the defendant's intoxication at the time of the offense. It placed upon the defendant the burden of proving that his level of intoxication had reached the incapacitating level, and we concluded that it was erroneous. In so concluding we said:

> We find that the instruction ... would be received by a reasonable juror as requiring the defendant to convince the jury that, by reason of intoxication he lacked the capacity to form the intent to kill. Upon resolving that the evidence did not so convince them, the jury would then go on to reject the evidence of incapacitation when determining whether the State sustained its burden of proving criminal intent beyond a reasonable doubt.

*Id.* at 104–05. This Court also concluded that any error in giving such an instruction would be subject to harmless error analysis, and that if the erroneous instruction itself did not call for proof beyond a reasonable doubt or for proof of specific facts, but only the defense generally, the giving of the instruction would not be fundamental error thereby rendering the making of a contemporaneous trial objection unnecessary to raising and preserving the issue of

the instruction's deficient character for appeal.

The instruction in the instant case did not require proof beyond a reasonable doubt, or proof of specific facts, and there were numerous other basic instructions given in the same set, both preliminary and final, which specified the elements of the crimes of robbery and confinement, including the intent elements, and squarely placed the burden of proving each such element beyond a reasonable doubt upon the State. One basic instruction specifically relieved the defendant of a burden of proving or explaining anything. Under such circumstances, the giving of a defective instruction like the one in the case at bar is not fundamental error. *Olson v. State* (1990), Ind., 563 N.E.2d 565. There was no objection to the form in which the instruction in the case at bar was finally given, and therefore the claim that the trial court committed error in giving it was not raised and preserved for appeal. Trial Rule 51(C). *Whitten v. State* (1975), 263 Ind. 407, 333 N.E.2d 86.

The convictions for robbery and confinement are affirmed. The conviction for attempted murder remains reversed.

SHEPARD, C.J., and GIVAN, DICKSON and KRAHULIK, JJ., concur.