**Michael W. JACOBS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 44A03–9305–CR–153.

Court of Appeals of Indiana, Third District.

June 9, 1994.

Rehearing Denied Sept. 29, 1994.

Transfer Denied Dec. 2, 1994.

Ronald L. Wilson, Badell & Wilson, P.C., Rushville, for appellant.

Jay G. Taylor, Roland A. Fuller, Bradley L. Williams, Ice Miller Donadio and Ryan, Indianapolis, for amicus curiae Intern. Anti-Counterfeiting Coalition, Inc.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., for appellee.

GARRARD, Judge.

Michael W. Jacobs (Jacobs) appeals his convictions for three counts of forgery as a Class C felony.

FACTS

On July 17, 1991, Jacobs was selling t-shirts at a booth at the Shipshewana Flea Market in LaGrange County, Indiana. These t-shirts were copies of merchandise produced by Guess, Nike and Polo, displaying the federally registered trademarks of these three companies.

Two investigators for a private firm known as the Professional Investigating and Consulting Agency (PICA) each purchased fake Guess, Nike and Polo t-shirts from Jacobs for five dollars per shirt. In response to the first investigator's question as to whether these t-shirts were originals or copies, Jacobs readily admitted that they were in fact copies. The second investigator did not inquire about the t-shirts, and Jacobs offered no disclaimer.

Jacobs was subsequently arrested and charged with three counts of forgery under Ind.Code § 35-43-5-2, all as Class C felonies. After a jury trial Jacobs was found guilty on all three counts. He now appeals.

ISSUES AND DISCUSSION

Jacobs raises four issues for our review.

I. Whether the trial court erred in denying Jacobs's motion to dismiss.

II. Whether there was sufficient evidence to support the jury's verdict.

III. Whether the trial court erred in admitting evidence of registered trademarks not disclosed to the defense before trial.

IV. Whether the trial court erred in instructing the jury on federal trademark law.

ISSUE I

Prior to trial Jacobs moved to dismiss this action under I.C. 35-34-1-4(a)(5),[1] arguing that Guess, Nike and Polo were not entitled to prosecute under Indiana penal laws because their trademarks were not registered in this state.

Jacobs relies on I.C. § 24-2-1-14 in arguing that the Indiana Trademark Act has been drafted such that only owners of trademarks who have registered their trademarks in Indiana are protected by the Indiana penal code. After enumerating the remedies of a registered trademark owner for any infringement in I.C. § 24-2-1-14(a), subsection (b)

---

1. I.C. § 35-34-1-4(a)(5) states:
   The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:

   . . . .
   (5) The facts stated do not constitute an offense.

states that "[t]he enumeration of any right or remedy in this chapter shall not affect a registrant's right to prosecute under any penal law of this state."

In construing a statute, words and phrases must be given their plain, ordinary and usual meaning, unless a contrary purpose is clearly shown by the statute itself. *Williams v. State* (1992), Ind.App., 600 N.E.2d 962, 964. The statute must be examined and interpreted as a whole. *Spangler v. State* (1993), Ind., 607 N.E.2d 720, 723.

Thus, in reviewing this statute, it is important that both subsections (a) and (b) be construed together. From this perspective, we believe that the purpose of subsection (b) is to make clear that the remedies enumerated in subsection (a) do not serve as a limitation of any other rights which may be available under the penal laws of the State of Indiana. The statute is silent as to the rights of non-registrants under the penal laws, and we cannot divine from subsection (b) that the legislature's purpose was to prevent a non-registrant from having any rights under the penal code of the State of Indiana.[2] Therefore, we find that the appropriate reading of subsection (b) is that it serves to clarify the remedies listed under subsection (a), and that the trial court properly denied Jacobs's motion to dismiss.

ISSUE II

Jacobs next contends that there was insufficient evidence to prove either that a t-shirt imprinted with a trademark symbol may be considered a written instrument under the forgery statute or that he possessed the requisite intent to defraud.

Although Jacobs frames his argument that the t-shirts at issue cannot be written instruments as insufficient evidence, it is essentially a question of statutory construction. The elements of the offense of forgery are set forth in I.C. § 35–43–5–2:

A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

(1) by another person;

(2) at another time;

(3) with different provisions; or

(4) by authority of one who did not give authority; commits forgery, a Class C felony.

I.C. § 35–43–5–2. The code goes on to define a written instrument as "a paper, document, or other instrument containing written matter and includes money, coins, tokens, stamps, seals, credit cards, badges, trademarks, medals, or other objects or symbols of value, right, privilege or identification." I.C. § 35–43–5–1.

While penal statutes must be strictly construed against the State, a statute should not be overly narrowed so as to exclude cases fairly covered by it and should be interpreted so as to give efficient operation to the expressed intent of the legislature. *Baird v. State* (1992), Ind., 604 N.E.2d 1170, 1190. In making our determination we must give effect to the plain and ordinary meaning of the language used and may also consider the statute's legislative history, including legislation passed either before or after the statute's enactment. *Irmscher v. McCue* (1987), Ind.App., 504 N.E.2d 1034, 1036. Although it is generally presumed that an amendment of a prior statute is intended to change the law, the presumption will not apply if it appears that the amendment was made only to express the original intention of the legislature more clearly. *Halley v. Blackford County School Corp.* (1988), Ind. App., 531 N.E.2d 1182, 1184; *Pike County v. State ex rel. Hardin* (1984), Ind.App., 469 N.E.2d 1188, 1194.

Our review of the legislative history and purpose of this statute leads us to the conclusion that the General Assembly intended to adopt a broad statute to encompass a wide range of prohibited conduct, and that the forgery of a registered trademark on a t-

---

**2.** We note the situation where a trademark may be established by either common law or, as here, by federal registration. We cannot find from I.C. § 24–2–1–14(b) an intention on the part of the legislature to deny the owners of such trademarks any protections which the penal code of the State of Indiana may afford them.

shirt falls within that range of proscribed conduct under the forgery statute.

Prior to the General Assembly's comprehensive revision of the criminal code in 1976, there existed a specific provision criminalizing the forgery of a trademark under the general forgery and counterfeiting statute:

Whoever, knowingly or willfully, forges or counterfeits, or causes, or procures to be forged or counterfeited any representation, likeness, similitude, copy, or imitation of the private stamp, wrapper or label, usually affixed by any mechanic or manufacturer, on, or in the sale of any goods, wares or merchandise, with intent to deceive or defraud the purchaser or manufacturer of any goods, wares or merchandise whatsoever, shall, on conviction, be imprisoned in the county jail not less than ten (10) days nor more than six (6) months, or fined not less than ten dollars ($10.00) nor more than one hundred dollars ($100.00).

I.C. § 35–1–124–7, *repealed by* P.L. 148, § 24 (1976). The commentary regarding the newly adopted I.C. § 35–43–5–1 offered the following insight on the newly revised section:

The definition of "written instrument" is a simplification of the conduct proscribed in the former forgery statute, I.C. 35–1–124–1 [repealed]. The definition is broader, now including items subject to counterfeiting and identification symbols.

Commentary, I.C. § 35–43–5–1 (West 1978).

■ We conclude that the General Assembly intended to broaden the traditional concept of the crime of forgery with the new statute. Moreover, we believe that the expansive language of the new statute, which includes the word "trademark" in its definition of a writing, was intended to encompass that conduct previously covered under the specific statute which provided criminal sanctions for the forgery of a trademark, and not to abolish such conduct from the possibility of criminal prosecution. Thus, we hold that the sale of a t-shirt imprinted with the legal trademark of another may be subject to prosecution under the forgery statute.

Jacobs next argues that the State failed to produce sufficient evidence that he intended to defraud the individuals to whom he sold the t-shirts. Jacobs contends that in order to possess the requisite intent to defraud there must be an intent to deceive and thereby work a reliance and injury. Here, as both of the investigators knew that ·the t-shirts they were buying were copies, Jacobs maintains that there was no reliance or injury on the part of the investigators.

■ In reviewing the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Hilliard v. State* (1993), Ind.App., 609 N.E.2d 1167, 1168. We consider the probative evidence favorable to the verdict, together with all reasonable inferences to be drawn therefrom, to determine whether there was evidence to support a finding of guilt beyond a reasonable doubt. *Id.*

■ Jacobs bases his argument on *Eifler v. State* (1991), Ind.App., 570 N.E.2d 70, *trans. denied,* which, in discussing the issue of intent, noted that "[i]ntent to defraud also involves an intent to deceive and thereby work a reliance and injury." *Id.* at 77. The court went on to explain that there must be "a potential benefit to the maker or potential injury to the defrauded party." *Id.* Thus, a definite resulting injury is not required to prove fraudulent intent; the potential for injury is sufficient.

■ From the evidence presented at trial, a reasonable jury could have concluded that Jacobs intended to defraud his customers. Jacobs clearly knew that the shirts were fakes, yet there was no indication on the booth or on the shirts themselves that they were not genuine. While Jacobs did disclose, after being asked by the first investigator, the fact that the t-shirts were fakes, he did not reveal this information to the second investigator. The jury could have concluded that, while Jacobs did not lie when directly questioned about the authenticity of the t-shirts, he did intend for customers to believe that the t-shirts were real, resulting in a benefit to him from the sale of the shirts and an injury to the customers in that they purchased fake products. Even though in this particular case neither customer was in fact deceived, Jacobs was unaware that the second investigator knew that the t-shirts

were fakes. We find that the evidence was sufficient to support the verdict.

## ISSUE III

Jacobs next objects to the admission at trial of certified copies of the federal trademark registrations of Nike, Guess and Polo because these documents had not been included in the State's discovery responses and were not shown to defense counsel prior to trial.

Pretrial discovery is designed to promote justice and to prevent unfair surprise by allowing the defense adequate time to prepare its case. *Phillips v. State* (1990), Ind., 550 N.E.2d 1290, 1299. A trial court's determination of whether discovery tendered constitutes substantial compliance with its discovery orders is reviewed deferentially and may be reversed only on a showing of clear error. *Green v. State* (1991), Ind.App., 575 N.E.2d 296, 301. The primary factors which a trial court should consider are whether the breach was intentional or in bad faith and whether substantial prejudice has resulted. *Wiseheart v. State* (1986), Ind., 491 N.E.2d 985, 988.

Here, there was no evidence that the failure to disclose the copies of registered trademarks was intentional or in bad faith. Jacobs did not request a continuance at trial, but only requested exclusion of the evidence. The documents introduced were public records, making them just as available to Jacobs as to the State. There never appeared to be any dispute that Guess, Nike and Polo had registered their trademarks under federal law; thus, we fail to see how Jacobs has been substantially prejudiced by the admission of these documents, particularly since he must have realized that the State was going to offer some type of proof with regard to the existence of the trademarks. We find no evidence of clear error in the trial court's admission of the federal trademark registration certificates.

## ISSUE IV

Finally, Jacobs argues that three of the jury instructions issued by the trial court constituted reversible error.

The following three instructions were given to the jury over Jacobs's objections:

Instruction # 14:

The federal trademark statutes are designed for the protection of consumers as well as to prevent the cheapening and dilution of the genuine product.

Instruction # 16:

The objective of trademark protection is to protect the maker of goods and the public from confusion as to origin of goods where confusion is caused by the use of false trademark. To use a false trademark is to misrepresent the origin of goods, to "sail under false colors."

Instruction # 17:

Selling an item at an excessively cheap price does not, standing by itself preclude your finding that sale of the respective T-shirt in question with a false trademark affixed thereto, is likely to cause confusion, to cause mistake or to deceive a purchaser.

(R. 103, 105, 106).

The manner of instructing the jury lies within the sound discretion of the trial court, whose ruling will not be reversed unless an instruction error is such that, taken as a whole, the charge to the jury misstates the law or otherwise misleads the jury. *Reaves v. State* (1992), Ind., 586 N.E.2d 847, 855. In addition, an instruction given to the jury must be supported by some evidence and be a correct statement of the law. *Taylor v. State* (1992), Ind.App., 602 N.E.2d 1056, 1061. It is error to give instructions that are not applicable to the evidence at trial. *Doyle v. State* (1984), Ind.App., 468 N.E.2d 528, 538. Finally, a trial court should not give an instruction which is not relevant to the issues the jury must decide in reaching its verdict. *Orr v. State* (1984), Ind.App., 472 N.E.2d 627, 635.

Jacobs does not argue that these instructions misstate the law, but rather contends that they were not applicable to the issues at trial, thereby shifting the jury's attention to the economic consequences of trademark infringement. However, the issue of intent was clearly contested, and these instructions described the potential confusion

and deception which can result due to the misappropriation of trademarks. Therefore, we cannot conclude that these instructions were wholly irrelevant to those issues before the jury, and, read in conjunction with the entire charge of instructions, they did not misstate the law or mislead the jury.

For the foregoing reasons, the judgment is affirmed.

HOFFMAN and BAKER, JJ., concur.