George MINTER, Appellant,

v.

STATE of Indiana, Appellee.

·No. 49S00–9409–CR–892.

Supreme Court of Indiana.

July 5, 1995.

Belle T. Choate, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Janet L. Parsanko, Deputy Atty. Gen., Indianapolis, for appellee.

SELBY, Justice.

On appeal is whether sufficient evidence supports Minter's convictions for attempted murder, a Class A felony, and theft, a Class D felony. We hold that both convictions are supported by sufficient evidence, and affirm.

## I. FACTS

On October 8, 1992, Jeffrey C. Taft worked as a security officer for Venture Stores, Inc. Taft observed George Minter placing two drills into a red satchel under his fatigue jacket. Taft followed Minter outside the store, identified himself as a security officer, and asked Minter to return to the store. Minter pushed Taft, and fled on foot. Taft pursued Minter first by automobile, and then on foot after locating him at the nearby Crosswinds Apartments. As Taft approached, Minter brandished a knife approximately four inches long, and threatened to stab Taft if he did not "get back." Taft drew his gun and ordered Minter to the ground. Minter knelt, but as Taft attempted to handcuff him, Minter turned and stabbed Taft in the back. The knife blade broke off in Taft's back. Minter then bit Taft and struck him. Minter took Taft's gun, picked up his field jacket and the red satchel, and fled. Officers subsequently apprehended Minter, and recovered the gun behind an apartment in the complex. After a jury trial, Minter was convicted of attempted murder and theft, and received sentences of eighty years (80) and three (3) years, to be served concurrently.[1]

1. The trial judge sentenced Minter to fifty years,    the maximum sentence for attempted murder

## II. STANDARD OF REVIEW

When reviewing insufficiency of evidence claims, we do not reweigh the evidence or judge credibility. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672. We consider only the evidence most favorable to the verdict, taking all reasonable and logical inferences from the evidence. *Id.* We will not overturn the verdict if it is supported by substantial evidence of probative value. *Id.*

## III. DISCUSSION

### A. Attempted Murder

To establish an attempt, the State must prove that the defendant acted with the culpability required, and that the defendant engaged in conduct constituting a substantial step toward commission of the crime. *Harris v. State* (1981), Ind., 425 N.E.2d 112, 115. To prove attempted murder, the State must prove that the defendant acted with specific intent to kill. *Smith v. State* (1984), Ind., 459 N.E.2d 355, 357.

Minter argues that the evidence is insufficient to support his conviction for attempted murder. Specifically, Minter claims that the evidence proves only that he intended to hurt Taft to effect an escape. We reject this argument. Taft testified at trial:

> Mr. Minter had poked it [the knife] around my neck a couple times, held it to my throat and said, "I'll cut you. Let me have the gun. Let me have the gun." He said, "I'm serious, I'll cut you, I'll kill you." At that time I didn't release the gun to him and he took the knife and stabbed it into my left shoulder and I felt it hit the bone and then I heard the snap of it.

This evidence sufficiently supports the findings that Minter acted with specific intent to kill, and took a substantial step toward committing murder.

### B. Theft

Minter also asserts that the evidence is insufficient to support his conviction for theft, because the drills were not found on his person, and were discovered later in a different area of the Crosswinds Apartment complex, rather than the exact site where he was apprehended. Without discussion, Minter cites *Gonzales v. State* (1989), Ind., 532 N.E.2d 1167 and *Loyd v. State* (1980), Ind., 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105, but we fail to see how these cases aid his argument.

Indiana Code § 35–43–4–2(a) provides in relevant part that

> A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony....

As noted we take all reasonable inferences from the evidence most favorable to the State. In this case, Taft testified that he observed Minter placing two drills belonging to Venture Stores, Inc. into a red satchel. Maintaining constant and unobstructed surveillance of Minter, Taft observed Minter walk out of the store without paying for the drills. Taft confronted Minter, who then fled. Taft apprehended Minter at the Crosswinds Apartments, where officers subsequently took Minter into custody. Taft recovered two drills in a red satchel on the grounds of the Crosswinds Apartments the next day. We hold that this evidence is sufficient to support Minter's conviction for theft.

We therefore affirm the judgment of the trial court.

SHEPARD, C.J., and DeBRULER, DICKSON, SULLIVAN, JJ., concur.

---

based upon the court's findings of aggravating circumstances, plus an additional thirty years based upon the finding that Minter was a habitu-al offender. Minter does not challenge the court's findings regarding aggravating circumstances in this appeal.