Terrance L. ANDERSON,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A05–9412–CR–502.

Court of Appeals of Indiana.

July 26, 1995.

Gregory L. Fumarolo, Deputy Public Defender, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen., Christopher L. Lafuse, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Terrance L. Anderson (Anderson) appeals from his conviction of theft[1] and his adjudication as an habitual offender.[2]

We affirm.

### ISSUES

We address three issues on appeal:

1. Whether the trial court judge's conduct constituted improper judicial intervention.

2. Whether the trial court erred in refusing Anderson's tendered instructions on the lesser included offense of criminal conversion.

3. Whether the State presented sufficient evidence to support Anderson's conviction of theft beyond a reasonable doubt.

### FACTS AND PROCEDURAL HISTORY

On January 24, 1994, Wal–Mart Loss Prevention Associate, Jeff Walker, observed Anderson pick up a Black & Decker drill, conceal it inside his coat and exit the store. Walker and another Wal–Mart employee stopped Anderson in the parking lot and detained him until the police arrived. The drill was later found on the ground of the Wal–Mart parking lot.

On February 2, 1994, Anderson was charged by information with theft, as a Class D felony. On April 5, 1994, the State filed an information charging Anderson as an habitual offender. Following a jury trial, Anderson was found guilty as charged and found to be an habitual offender. He was sentenced to three years on each charge, to be served consecutively. Anderson now appeals.

### DISCUSSION AND DECISION

#### I. Improper Judicial Intervention

■ Anderson first contends that the trial court judge engaged in conduct amounting to improper judicial intervention. On cross-examination of Jeff Walker, Anderson elicited testimony regarding "An Affidavit of Probable Cause" that Walker filled out in his office at Wal–Mart following the incident. Apparently, Walker kept blank probable cause reports in his office and when an incident of shoplifting occurred, he filled one out and sent it with the transporting police officer. In this case, Walker followed that procedure and signed the document the following morning in the prosecutor's office. Walker originally filled out the document in his capacity as Loss Prevention Officer of Wal–Mart and charged the crime of criminal conversion. Subsequently, the conversion charge was crossed out and replaced with the charge of theft. Anderson attempted to establish that the State engaged in improper conduct by changing the charge initially filled in by Walker.

The Court intervened and objected *sua sponte* to Anderson's characterization of the document as a document of the court. Specifically, the trial court made the following comments:

> THE COURT: I think that is a complete misstatement. I don't know what the point of it is or if it is just merely inadvertence, but it is not a court form.

(R. 147–148). Following the State's strenuous objection to Anderson's insinuation that someone improperly altered Walker's document subsequent to his signature, the Court made the following comments.

> THE COURT: Yeah, it is clear, or at least it seems to me, that we seem to be talking about two different things here. You suggest a document is altered as though someone had made it fraudulent. It is merely a working paper and apparently the prosecutor's office reworked it and that is quite

---

1. IND.CODE 35–43–4–2(a) (1988).

2. I.C. 35–50–2–8 (1994).

clear, and the objection is well taken and sustained.

(R. 150). Following the foundational testimony, Anderson offered the probable cause affidavit into evidence and the State objected. The trial court sustained the State's objection and denied Anderson's motion to admit the document, stating as follows:

> THE COURT: This is a working paper and it is being introduced for a completely improper purpose. The court has read the charge that came out of the prosecutor's office. I read that to you at the beginning. Remember? And I'll read it to you, again, at the end. And that is the charge that came out of the prosecutor's office. To suggest some impropriety between his report and the charge, is completely irrelevant and out of line entirely. The prosecutor's office makes the charge[,] not this witness. Do you see what I'm saying?

(R. 153–54). The document was eventually re-offered and admitted into evidence.

■ Anderson takes issue with the trial court's comments which were made in the presence and hearing of the jury. Anderson did not object to the trial court's comments at trial, nor did he move for a mistrial. Generally, a specific contemporaneous objection is required to preserve an issue for appeal. *Decker v. State* (1987), Ind.App., 515 N.E.2d 1129, 1131. However, in *Kennedy v. State* (1972), 258 Ind. 211, 280 N.E.2d 611, our supreme court recognized the applicability of the fundamental error doctrine of review to claims of improper judicial intervention in criminal trials. Thus, we address the merits of Anderson's claim.

■ A trial judge should conduct him or herself as an impartial person, *Williams v. State* (1992), Ind.App., 600 N.E.2d 962, 966, and refrain from unnecessary remarks. *Norcutt v. State* (1994), Ind.App., 633 N.E.2d 270, 273. However, the trial court also has the duty to conduct the trial in a manner calculated to promote the ascertainment of truth, fairness, and economy of time. *Norcutt*, 633 N.E.2d at 273. Within the scope of this duty is the authority to make impartial statements about the general admissibility of evidence. *Id.* Furthermore, in order for a trial judge's comments to constitute reversible error, the remarks must harm the complaining party or interfere with the right to a fair trial. *Williams*, 600 N.E.2d at 966.

We find nothing in the trial judge's brief comments or admonition and clarification to the jury that placed Anderson in any type of peril or prejudiced his right to a fair trial. Furthermore, we do not find that the trial judge's comments were improper. Anderson was clearly attempting to use the probable cause affidavit for an improper purpose, and the trial court had a duty to clarify the facts and admonish the jury accordingly. We find no error.

## II. Jury Instructions

Next, Anderson contends that the trial court erred by failing to instruct the jury on the lesser included offense of conversion. The trial court refused four out of the five final instructions tendered by Anderson. Anderson takes issue only with the trial court's refusal to give his tendered instructions number three and four. Both of these instructions dealt with the lesser included offense of criminal conversion.

■ The well-settled standard by which we review the tender of jury instructions affords great deference to the trial court's ruling. The manner of instructing the jury lies within the sound discretion of the trial court, whose ruling will not be reversed unless an instruction error is such that, taken as a whole, the charge to the jury misstates the law or otherwise misleads the jury. *Jacobs v. State* (1994), Ind.App., 640 N.E.2d 61, 66, *reh'g denied, trans. denied.* Additionally, the instruction given to the jury must be a correct statement of the law, be applicable to the evidence adduced at trial and be relevant to the issues the jury must decide in reaching its verdict. *Id.*

■ Error in the rejection of lesser included offense instructions is analyzed in a two-part inquiry. First, we look to the charging information and the statutes to determine whether the lesser offense is inherently or factually included in the greater offense. Second, we ask whether the evidence offered at trial established that the lesser offense was committed but the greater offense was

not. *Simpson v. State* (1994), Ind.App., 628 N.E.2d 1215, 1220–21, *trans. denied; Aschliman v. State* (1992), Ind., 589 N.E.2d 1160, 1161. Resolution of the second part of the inquiry turns upon whether a serious evidentiary dispute exists with respect to the element which distinguishes the greater and lesser offenses. *Simpson,* 628 N.E.2d at 1221; *Aschliman,* 589 N.E.2d at 1162.

Applying the test to the facts of this case, we first determine whether conversion is a lesser included offense of theft. A person commits theft when he "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use …" I.C. 35–43–4–2(a). A person commits criminal conversion when he "knowingly or intentionally exerts unauthorized control over property of another…." I.C. 35–43–4–3 (1988). Anderson is correct in his assertion that criminal conversion is a lesser included offense of theft; however, the inquiry does not end there.

We next determine whether a serious evidentiary dispute exists with respect to Anderson's intention to deprive Wal–Mart of the drill. In order for a serious evidentiary dispute to exist, the evidence adduced at trial must enable the jury to conclude that the lesser offense was committed but the greater offense was not committed. *Chanley v. State* (1991), Ind., 583 N.E.2d 126, 130. The evidence reveals that Walker observed Anderson conceal the drill in his coat, pass all points of sale, and exit the store without paying for the drill. When confronted in the parking lot, Anderson attempted to flee. Anderson further told Walker that he intended to sell the drill for cash. Based on the evidence at trial, we do not find that a serious evidentiary dispute exists with regard to Anderson's intent to deprive Wal–Mart of the drill. Accordingly, the trial court did not err in refusing Anderson's tendered instructions on the lesser included offense of criminal conversion.

### III. Sufficiency of the Evidence

Finally, Anderson contends that the evidence was insufficient to support his conviction of theft. Before reaching the merits of Anderson's argument, we recite the familiar standard of review by which we review the sufficiency of evidence.

An allegation of error based on insufficiency of the evidence will prevail only if, considering the probative evidence and reasonable inferences which support the judgment, we conclude that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Bradley v. State* (1995), Ind., 649 N.E.2d 100, 106–07. On appeal, we conduct our review without reweighing the evidence or assessing witness credibility. *Id.* at 107.

We have no hesitation in concluding that the evidence adduced at trial would enable a reasonable trier of fact to find Anderson guilty beyond a reasonable doubt. As previously stated, a person commits the crime of theft when he "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use …" I.C. 35–43–4–2(a). The evidence reveals that Walker observed Anderson conceal the drill in his coat and exit the store without paying for the drill. Further, Anderson attempted to flee when confronted by Walker in the parking lot. Following a slight altercation, the drill was found on the ground in the parking lot and Anderson told Walker that he intended to sell it for cash. The State presented sufficient evidence to support every material element of theft, a Class D felony, beyond a reasonable doubt.

### CONCLUSION

We conclude that the trial court did not improperly intervene, the trial court did not err in refusing to give Anderson's tendered instructions on the lesser included offense of conversion and the evidence was sufficient to support Anderson's conviction. Accordingly, the trial court is affirmed.

RUCKER and ROBERTSON, JJ., concur.