**Joel F. MOORE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 44A03–9502–CR–31.**

Court of Appeals of Indiana.

Nov. 26, 1996.

Transfer Denied Jan. 29, 1997.

Laetrile Wheat, Angola, Jeffrey A. James, LaGrange, for Appellant.

Pamela Carter, Attorney General of Indiana, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

STATON, Judge.

A jury convicted Joel F. Moore ("Moore") of two counts of attempted murder, class A felonies.[1] Moore raises two issues on appeal which we restate as:

I. Whether the evidence is sufficient to support Moore's convictions for attempted murder.

II. Whether the trial court committed fundamental error instructing the jury on the defense of voluntary intoxication.

We reverse and remand.

The facts most favorable to the verdict reveal that on November 20, 1992 Joel Moore met Jamie Woods and Rodney Woods at Dave's Bar in LaGrange, Indiana. After socializing at Dave's Bar for some time, the three and other acquaintances went to the Woods' apartment where they continued drinking and smoked marijuana. Moore began making offensive remarks to persons at Woods' apartment and at one point began to disrobe stating he was going to masturbate in Woods' living room. Jamie Woods asked Moore to leave several times, but Moore refused. Another friend of the Woods', Dan Haifley, tried to convince Moore to return to Dave's Bar with him in order to get Moore out of the apartment. Moore responded

angrily, pulled out a .22 caliber handgun, chambered a round, pointed the gun at Jamie Woods and asked Jamie if he wanted Moore to shoot him. Haifley then tried to get Moore to put the gun away at which point Moore turned and pointed the gun at Haifley. After a brief struggle with Moore, Haifley managed to take the gun away from him. Moore was eventually arrested walking on a nearby sidewalk, and was convicted of two counts of attempted murder. This appeal ensued.

### I.

#### Sufficiency of the Evidence

When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind. 1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

To establish attempt, the State must prove that the defendant acted with the culpability required and undertook a substantial step toward commission of the crime. *Minter v. State,* 653 N.E.2d 1382, 1383 (Ind. 1995). To prove attempted murder, the State must prove that the defendant acted with the specific intent to kill. *Id.* Moore argues that the evidence is insufficient as a matter of law for the jury to find that he had formed the requisite intent to kill. According to Moore, since he held the gun for several seconds with ample opportunity to shoot someone but never fired a shot, the jury could not reasonably infer that he formed the specific intent to kill. We cannot agree.

We find the disposition of Moore's sufficiency argument controlled by our supreme court's opinion in *McMurry v. State,* 467 N.E.2d 1202 (Ind.1984). *McMurry* also involved the appeal of an attempted murder conviction. In that case, McMurry went to the victim's home where he accused the victim of shooting his mother's dog. When the

---

1. IND.CODE § 35–41–5–1 (1993) and § 35–42–1–1 (1993).

victim attempted to offer proof that he was not the culprit, McMurry drew a pistol, cocked it, held it to the victim's face for approximately thirty seconds and then shot the victim.

▇ McMurry argued that he only intended to scare the victim and that the gun went off accidentally. Regarding whether the evidence was sufficient to permit the jury to infer McMurry formed the requisite intent to kill, the court stated:

> He intentionally went to the victim's house with a loaded pistol and then cocked the pistol and placed it right at the face of the victim. It is well settled that intent to kill can be inferred from the intentional use of a deadly weapon in a manner reasonably calculated to produce death or great bodily harm.... There was substantial evidence of probative value from which the jury could have concluded that defendant intentionally attempted to kill the victim.

*Id.* at 1204 (citations omitted). Our supreme court in *McMurry* did not even rely on the fact that McMurry fired the gun when it concluded that there was sufficient evidence for the jury to infer intent to kill. Our supreme court only relied on the facts that McMurry went to the victim's home, loaded his pistol and pointed it at the victim's face. In this case, Moore was at the victim's home when he drew his pistol, loaded it and pointed it at the face of two victims. Thus, under *McMurry*, there was substantial evidence of probative value for a jury to infer that Moore formed the specific intent to kill. *Id.*

## II.

### *Voluntary Intoxication Instruction*

Moore also contends that the trial court's instructions concerning the affirmative defense of intoxication impermissibly placed the burden of persuasion on him. We agree.

▇ It is well settled that the State has the burden of proving all elements of a charged crime beyond a reasonable doubt. *Powers v. State,* 540 N.E.2d 1225, 1227 (Ind. 1989), *reh. denied.* The burden of proving an affirmative defense may be placed on the defendant provided that proving the defense does not require the defendant to negate an

element of the crime. *Fowler v. State,* 526 N.E.2d 1181, 1182 (Ind.1988); *Ward v. State,* 438 N.E.2d 750, 753 (Ind.1982). The defense of voluntary intoxication is one which is intended to negate the *mens rea* element of a crime. IND.CODE § 35–41–3–4 (1993). Accordingly, the only permissible burden which may be placed on a defendant regarding this defense is the burden of production, *i.e.,* the burden of producing enough evidence such that an instruction on the defense is warranted. *State v. Huffman,* 643 N.E.2d 899, 900 (Ind.1994); *Street v. State,* 567 N.E.2d 102, 104 (Ind.1991). After the defendant has met this burden of production, the burden of proving every element of the offense requires the State to establish that the defendant did in fact have the requisite *mens rea* notwithstanding the claim of intoxication. *Powers, supra,* at 1227.

▇ In this case, the trial court gave two instructions concerning the defense of voluntary intoxication. The first reads:

> Voluntary intoxication is a defense to the crime of attempted murder.

> In order for intoxication to relieve the defendant from responsibility for the crime charged, the defendant must have been so intoxicated as to be incapable of having the specific intent to kill a human being. The State has the burden of disproving the defense beyond a reasonable doubt.

Record, p. 162.

The court also gave the State's tendered instruction which reads:

> The Defendant has raised Voluntary Intoxication as a defense to the charges filed. When raised by a defendant, a voluntary intoxication defense means that the defendant admits that he engaged in all the actions alleged by the prosecution, but that he was so intoxicated that he was incapable of forming the necessary intent to commit the crime.

> Voluntary intoxication requires a showing by the Defendant that he was so intoxicated as to be incapable of formulating the requisite intent. Stated differently, the Defendant must show that he was intoxicated to such a degree as to deprive him of

the power to deliberate or to form the necessary design or guilty intent.

I caution you, however, that the defense of voluntary intoxication cannot prevail if the evidence shows that the Defendant had the ability to perform tasks such as attempting to hide his crime, to give instructions to others, or to take himself from place to place immediately following the crime. The Defendant must show that he was incapable of performing acts which require a significant degree of physical or intellectual skills.

Record, p. 163.

The second paragraph of the State's instruction clearly places the burden on Moore to prove that he was so intoxicated that he could not form the requisite intent to kill. Such a burden requires Moore to negate the *mens rea* element of attempted murder, thereby constituting fundamental, reversible error. Much more innocuous instructions than the one given in this case have caused our supreme court to find error. *See Huffman, supra,* at 901 n. 2 (error to instruct jury that "The burden of proving this defense is on the Defendant"); *Street, supra,* at 104 (error to instruct jury that "defendant has the burden of proving that the defendant reached this degree of intoxication"); *Hall v. State,* 574 N.E.2d 287, 288 (Ind.1991) (error to instruct jury that "defendant has the burden of proof for the defense of intoxication").

The State first argues against reversal by noting that Moore failed to object to the challenged instruction at trial. According to the State, Moore has thus waived any appellate challenge to this instruction. Moore contends giving the State's instruction constituted fundamental error which survived the failure to object at trial.

■ When confronted with a challenged instruction not objected to at trial, any error predicated on giving the instruction will be considered waived unless giving the instruction rose to the level of fundamental error. *Townsend v. State,* 632 N.E.2d 727, 730 (Ind.1994); *Williams v. State,* 658

N.E.2d 598 (Ind.Ct.App.1995), *reh. denied.* Thus, we must determine whether the instruction was so erroneous as to constitute fundamental error.

[I]f the erroneous instruction itself did not call for proof beyond a reasonable doubt or for proof of specific facts, but only the defense generally,[2] the giving of the instruction would not be fundamental error thereby rendering the making of a contemporaneous trial objection unnecessary to raising and preserving the issue of the instruction's deficient character for appeal.

*Hall, supra,* at 288–89. The last sentence of the State's instruction states that "The Defendant must show that he was incapable of performing acts which require a significant degree of physical or intellectual skills." Thus, this instruction required Moore to affirmatively prove specific facts demonstrating that he was incapable of performing acts requiring a significant degree of physical or intellectual skill. This sentence goes beyond simply requiring proof of the intoxication defense generally. Too, the fact that the second paragraph required Moore to negate intent is sufficient to meet the above test. *See Street, supra,* at 104 (instruction required "the defendant to prove a specific fact, *his incapacity,* which would negate intent") (emphasis added). Such an instruction constitutes fundamental error requiring reversal of Moore's conviction. *Hall, supra.*

■ The State's second argument against reversal is that *Street* requires a harmless error analysis which Moore's case fails. We disagree that a harmless error analysis is required after a conclusion that the trial court committed fundamental error.

■ Fundamental error is a substantial blatant violation of basic principles rendering a trial unfair to the defendant and which, if not corrected, would deny the defendant fundamental due process. *Jackson v. State,* 657 N.E.2d 131, 134 (Ind.Ct.App.1995), *trans. denied; see also Townsend, supra; Hart v. State,* 578 N.E.2d 336 (Ind.1991). It is incon-

---

2. We question whether this clause accurately describes the present state of the law in light of our supreme court's subsequent decision in *State v. Huffman,* 643 N.E.2d 899 (Ind.1994), *reh. denied*

("Instructing the jury about the defendant's burden of proof could only serve to confuse the jurors and prejudice the defendant.")

ceivable how an error which rises to the level of a denial of fundamental due process could be considered harmless. Nor does *Street* require a different result. The court in *Street* did engage in a harmless error analysis; however, fundamental error was not at issue in that case. *Street, supra,* at 104. We disagree with the State that *Street* requires us to examine the jury instructions in this case for harmless error given that we have found fundamental error.

In accordance with the foregoing, we reverse Moore's convictions and remand for a new trial.

Reversed and remanded.

SULLIVAN, J., concurs.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent from the portion of the majority decision finding reversible error as to the instructions regarding the burden of proof when asserting a defense of voluntary intoxication. The manner of instructing a jury lies within the sound discretion of the trial court. *Anderson v. State,* 653 N.E.2d 1048, 1051 (Ind.Ct.App.1995). The court's decision regarding instructions will not be reversed unless an instruction error is such that, taken as a whole, the charge to the jury misstates the law or otherwise misleads the jury. *Id.*

Here, the jury was given two instructions regarding the defense of voluntary intoxication. The first instruction noted that the intoxication would have to be of a sufficient degree to render the defendant "incapable of having the specific intent to kill a human being." The instruction then cautioned: "The State has the burden of disproving the defense beyond a reasonable doubt." The second instruction noted three times that the defendant had the burden of producing evidence of intoxication. *See State v. Huffman,* 643 N.E.2d 899, 900 (Ind.1994) (court noted difference between burden of production and burden of persuasion, the latter always remaining with the State, and noted that instruction to jury regarding "defendant's burden of proof could only serve to confuse the jurors and prejudice the defendant").

A review of the record does not reveal an objection to the second instruction. *See Hall v. State,* 574 N.E.2d 287, 288–289 (Ind.1991) (failure to make contemporaneous trial objection where instruction impermissibly shifted burden regarding intoxication defense, but not burden to convict, did not preserve error for appellate review). Harmless error analysis is applicable to the circumstances presented here. *Cf. id.* The instructions as a whole informed the jury that the burden of proving Moore's guilt rested solely with the State. Accordingly, I would vote to affirm the conviction.