**J. John MARSHALL and Marjorie Marshall, Appellants–Defendants,**

v.

**ERIE INSURANCE EXCHANGE a/s/o Cindy Cain, Appellee–Plaintiff.**

No. 20A03–0908–CV–366.

Court of Appeals of Indiana.

July 22, 2010.

Donald E. Wertheimer, South Bend, IN, Attorney for Appellant.

Gregory J. Haines, Rowe & Rowe, South Bend, IN, Attorney for Appellee.

## OPINION ON REHEARING

ROBB, Judge.

J. John Marshall and Marjorie Marshall have petitioned for rehearing of this court's decision in *Marshall v. Erie Ins. Exch.*, 923 N.E.2d 18, 25 (Ind.Ct.App. 2010), in which we held, *inter alia,* the Marshalls had a duty to exercise reasonable care to prevent an unreasonable risk of harm to neighboring landowners arising from the condition of trees on their property and further held they had breached that duty. We grant the petition for rehearing for the sole purpose of addressing certain claims raised by the Marshalls, but affirm our opinion in all respects.[1]

---

1. Erie Insurance Exchange has not filed a brief in response to the petition for rehearing.

■ The Marshalls' petition for rehearing raises several challenges to our opinion. That this case presented an issue of first impression, and therefore was constrained by no Indiana Supreme Court precedent directly on point, was well-explained in the opinion and we will not revisit those issues. The Marshalls also request rehearing on the issue of John's and Marjorie's liability, claiming the trial court's imposition of liability on each of them was contrary to law. The evidence at trial was that Marjorie was the owner of the lot in question, but John routinely handled her business affairs with respect to the property. We determined John was acting as Marjorie's agent in dealing with the property and was negligent in doing so. *Id.* at 26. The Marshalls contend on rehearing, however, that there was no evidence Marjorie manifested intent for John to be her agent. "Indiana recognizes an agency relationship implied from the actions and circumstances of the parties." *Kruszewski v. Kwasneski,* 539 N.E.2d 965, 966 (Ind.Ct.App.1989). Marriage does not by itself create an agency relationship between spouses, but the marital relationship is one of the facts and circumstances considered in determining whether an agency relationship exists. *Id.* The authority of a spouse to act as an agent must be implied from acts and conduct and not merely from his or her position as a spouse. *Moehlenkamp v. Shatz,* 396 N.E.2d 433, 436 (Ind.Ct.App.1979). Here, the evidence of John's acts and conduct with respect to the property—as explained in greater detail in the opinion—supports implying such an agency relationship. The Marshalls' liability appropriately stems from that relationship.

■ With respect to our statement that "[w]hether the land in question is of sufficient population density to invoke the rule [of reasonable care] is a factual question for the fact finder," *Marshall,* 923 N.E.2d at 25, the Marshalls contend the trial court made no such factual inquiry and therefore, its imposition of liability is contrary to the duty analysis announced in the opinion. The trial court found the Marshalls had a duty to use reasonable care to prevent damage to the public caused by a tree on their property, citing *Valinet v. NRC Corp.,* 574 N.E.2d 283 (Ind.1991). *See* Appellant's Appendix at 12–13. *Valinet* held urban landowners have a duty of reasonable care to prevent an unreasonable risk of harm to passing motorists. *Id.* at 285. We extended the *Valinet* holding to impose a duty of reasonable care to neighboring landowners in an urban area. Given the trial court's specific reference to *Valinet* and the photographic evidence introduced at trial showing the proximity of the tree to the neighboring property, as well as showing the properties in question to be in a fairly densely-developed area overall, the trial court's imposition of liability is in no way contrary to the rule announced in our opinion.

Accordingly, we again affirm the trial court's decision.

BAKER, C.J, and BAILEY, J., concur.